UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SILVERHAWK INC., dba LOWER SACRAMENTO CHEVRON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE FOOD AND NUTRITION SERVICE,<br><br>Defendant. | No. 2:15-CV-02470-MCE-EFB<br><br><br><br>**ORDER** |

This action arises out of Plaintiffs' operation of a Chevron gas station in Stockton, California, through which they participate in the federal food stamp program ("Program") administered by Defendant United States Department of Agriculture Food and Nutrition Service ("USDA"). From the end of 2014 through the beginning of 2015, the USDA purportedly conducted an investigation, which culminated in the agency determination that Plaintiffs were violating various Program provisions. On July 1, 2015, the USDA thus issued a decision disqualifying Plaintiffs from participating in the Program for three years. Plaintiffs appealed, and implementation of the suspension was held in abeyance during the pendency of that review. On October 23, 2015, the suspension was affirmed, and Plaintiff initiated the instant action on November 30, 2015. Plaintiffs filed a Motion

for Temporary Restraining Order ("TRO") and Preliminary Injunction that same day. ECF No. 4. For the following reasons, Plaintiffs' request for a TRO is DENIED, and this matter is set for hearing on Plaintiffs' Motion for Preliminary Injunction on Thursday, January 14, 2016, at 2:00 p.m. in Courtroom 7.

The purpose of a temporary restraining order is to preserve the status quo pending the complete briefing and thorough consideration contemplated by full proceedings pursuant to a preliminary injunction. See Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 438-39 (1974) (temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer"); see also Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006); Dunn v. Cate, No. CIV 08-873-NVW, 2010 WL 1558562, at *1 (E.D. Cal. April 19, 2010). Issuance of a temporary restraining order, as a form of preliminary injunctive relief, is an extraordinary remedy, and Plaintiffs have the burden of proving the propriety of such a remedy. See Mazurek v. Armstrong, 520 U.S. 968, 972 (1997). In general, the showing required for a temporary restraining order and a preliminary injunction are the same. Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n.7 (9th Cir. 2001).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter). The propriety of a TRO hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). Alternatively, under the so-called sliding scale approach, as long as the Plaintiffs demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction can still issue so long as

serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiffs' favor. Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

Multiple flaws preclude the Court from granting Plaintiffs' request. First, from a procedural standpoint, Eastern District of California Local Rule 231(c) requires the filing of, among other things, "an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given." There is no indication in the record that any attempt has been made to provide the USDA with notice of the instant Motion. To the contrary, Plaintiffs' counsel avers only that: (1) she was advised that, absent a court order, the machine allowing the use of food stamps would be shut off yesterday; and (2) she does not know which United States Attorney has been assigned to this case. Neither of those statements is sufficient to indicate notice has been provided or excused for good cause. Regardless of what attorney is assigned to defend this case, Plaintiffs could have attempted to contact that office in general or to provide notice directly to the USDA. They apparently have not, and this Motion may be denied solely for failure to comply with the Local Rules.[1]

Second, Plaintiffs unreasonably delayed in waiting to bring this suit until the very date the suspension was due to go into effect. More specifically, the original agency decision suspending Plaintiffs from participating in the Program was issued months ago, at the beginning of July. They thus knew at that point the suspension was a real possibility. Moreover, the USDA's decision affirming that suspension was issued over one month ago, on October 23, 2015. Plaintiffs do not set forth any facts indicating when they received that decision, but from the instant record the Court can infer it was

---

[1] It also appears to the Court that there is a statutory notice provision that Plaintiffs have failed to address. See 7 U.S.C. § 2023(a)(17) ("During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and effect, unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal."). Nothing before the Court indicates the USDA could have been provided ten days' notice of a motion filed just yesterday.

shortly thereafter.  Accordingly, Plaintiffs had weeks to seek relief in this Court and they instead chose to wait until the eleventh hour.  Such a delay undermines their argument that any harm they may suffer is imminent and irreparable.  Because Plaintiffs have not treated this situation as an emergency over the preceding month, the Court will not grant relief on an emergency basis.  Plaintiffs' delay also concerns the Court, however, because the governing statute requires any suit challenging the USDA's decision to be brought within thirty days of receipt of the final agency decision.  See 7 U.S.C. § 2023(a)(13) ("If the store, concern, or State agency feels aggrieved by such final determination, it may obtain judicial review thereof by filing a complaint against the United States in the United States court for the district in which it resides or is engaged in business . . . within thirty days after the date of delivery or service of the final notice of determination upon it, requesting the court to set aside such determination.").  Absent facts indicating when the USDA's final decision was delivered or served, the Court cannot determine whether the instant suit conforms with that statute and thus whether judicial review is even possible.

     Third, even if the Court disregarded the procedural defects of Plaintiffs' Motion, on a substantive basis it appears that Plaintiffs have identified only financial losses as their basis for claiming irreparable injury.  Monetary damage alone, however, does not constitute irreparable harm.  Los Angeles Memorial Coliseum Comm'n v. NFL, 634 F.2d 1197, 1202 (9th Cir. 1980).  Instead, the requisite irreparable harm required for immediate injunctive relief must be a "substantial injury that is not accurately measured or adequately compensable by money damages."  Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 19 (1st Cir. 1996).  In this case, the only real damages Plaintiffs allege they will suffer are the loss of 35% of their income, which they claim is derived from the Program.[2]  Even if the Court accepted Plaintiffs' argument that the loss of that income over a three-year period would result in the loss of their business and

---

[2] Plaintiffs' attempt to argue that they will also lose customers who might not return because they will believe the suspension is permanent is speculative and without foundation.

thus irreparable harm, Plaintiffs have failed to show that they will suffer anything other than monetary harm during the relatively short period between the filing of their Motion and Complaint and the date of a properly noticed hearing, which by this Order is set for mid-January.

Finally, Plaintiffs' Motion does not address the merits of their cause of action at all.  Plaintiffs' claims are for discrimination, and they argue that the USDA administers the Program in favor of Caucasian participants and to the detriment of others.  Plaintiffs provide no evidence, however, that they will ultimately succeed on the merits of these claims.  The failure to show a likelihood of success also weighs against granting emergency relief.  Accordingly, for the reasons stated, Plaintiffs' Request for a TRO (ECF No. 4) is DENIED.  Plaintiff's Motion for Preliminary Injunction (ECF No. 4) is set for hearing before this Court on Thursday, January 14, 2016, at 2:00 p.m. in Courtroom 7.

IT IS SO ORDERED.

Dated:  December 1, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT